## BIL–NOL ENTERPRISES, INC., Plaintiff-Respondent,

### v.

## William WRIGHT, Defendant-Appellant.

### No. 46922.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1984.

John B. Kistner, Jr., St. Louis, for defendant-appellant.

John R. Parres, St. Louis, for plaintiff-respondent.

SNYDER, Presiding Judge.

This is an action in which Plaintiff Bil-Nol Enterprises, Inc. sought an injunction to enforce the covenant not to compete contained in defendant William B. Wright's employment contract with Bil-Nol, and an accounting of profits, income and damages. The circuit court of St. Louis County granted the injunction but rendered no judgment on the claim for damages. The defendant appeals. The appeal is dismissed.

From October, 1974 to May, 1982, Dr. William Wright was employed as a veterinarian at a clinic owned by Bil-Nol Enterprises, Inc. He began working there while a student at the University of Missouri Veterinary School, and continued his employment there after receiving his degree. Each year Dr. Wright entered into a contract with Bil-Nol Enterprises which contained a covenant not to compete.

Dr. Wright's employment at the clinic was terminated on May 31, 1982 while a contract containing a covenant not to compete was in effect. He began working at the Howdershell Animal Clinic on June 1, 1982. That clinic is located 8.2 miles by road from the Halls Ferry Animal Clinic and 6.8 miles by air, arguably within the area in which Dr. Wright was restricted from competing under the terms of the contract.

Bil-Nol Enterprises sought an injunction to enforce that restrictive covenant, i.e., to prevent Dr. Wright's employment at the Howdershell Clinic. It also sought an accounting of all profits and income derived from Dr. Wright's current practice, and damages.

**204**

An application for a preliminary injunction was denied. After a final hearing on the application for the injunction, the trial court rendered a judgment which, after granting an injunction, read:

> It is further ORDERED, ADJUDGED and DECREED that the issue of damages sustained by the plaintiff, if any, shall remain open, to be determined and adjudged upon the submission of further proof and evidence by the plaintiff and defendant.

After setting an appeal bond at $25,000, the trial court stayed execution of the injunction pending the outcome of the appeal.

■ Respondent has not asked that the appeal be dismissed but this court must look to its jurisdiction whether or not it is challenged by the parties. *Hamilton v. Hamilton,* 661 S.W.2d 82, 83[1–2] (Mo.App. 1983).

■ This court dismisses the appeal pursuant to Rule 81.06. It has no jurisdiction because there is no final judgment. The judgment of the trial court specifically ordered the issue of damages to be left open, to be determined and adjudged upon the submission of further proof and evidence by the plaintiff and defendant.

"When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of § 512.020, RSMo., unless specifically so designated by the court in the judgment entered." Rule 81.06.

The claim for damages arose out of the same transaction, occurrence or subject matter as the application for the injunction. The judgment was not designated as final for the purposes of appeal by the trial court. There was no final appealable judgment and the trial court retains jurisdiction over the cause. *Engel Sheet Metal Equipment v. Shewman,* 301 S.W.2d 856 (Mo. App.1957).

The appeal is dismissed and the cause remanded.

SMITH and GAERTNER, JJ., concur.