**138**

In re the CARL McDONALD
REVOCABLE TRUST OF
OCTOBER, 1979.

HOME OF HOPE, INC., Appellant,

v.

Betty L. McDONALD and C.R. Rhoades,
Successor Trustee, Respondents.

No. 19806.

Missouri Court of Appeals,
Southern District,
Division Two.

May 24, 1995.

Joel K. Alumbaugh, Spencer, Scott & Dwyer, P.C., Joplin, Mark W. Curnutte, Logan & Lowry, Vinita, OK, for appellant.

Ron Mitchell, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for respondents.

**PER CURIAM:**

Appellant, Home of Hope, Inc. (Home of Hope) is a contingent beneficiary under a revocable trust executed by Carl McDonald in 1979. Respondent Betty McDonald is Carl McDonald's widow and is a beneficiary of the trust which was amended by him three times. An attempted fourth amendment was earlier declared invalid. The instant appeal involves a declaratory judgment action filed by the successor trustee seeking an interpretation and declaration of the meaning of the third amendment.[1] Home of Hope, in an amended answer, sought, among other things, recovery of its attorney fees. Betty McDonald also filed a Counter Petition For Declaratory Judgment by which she sought a construction of another portion of the same amendment and an order requiring the trustee to pay amounts to her for services and to others for debts of Mr. McDonald.

In its judgment, and in a later revised judgment, the trial court decided the issues raised in the successor trustee's declaratory judgment action but did not decide issues

1. The notice of appeal and briefs indicate the caption of the case as "In Re The Carl McDonald Revocable Trust of October, 1979, Home of Hope, Inc. vs. Betty L. McDonald and C.R. Rhoades, Successor Trustee." The record before us, however, does not indicate the origin of that caption. The judgment from which this appeal was taken arose from the Petition For Declarato-

ry Judgment filed by the successor trustee which was styled merely "In Re: The Carl McDonald Revocable Trust of October, 1979, Case No. CV 3 92 155 P." Home of Hope's Jurisdictional Statement contains the following statement: "This action originated in the Circuit Court and Probate Court of Jasper County, Missouri. The cases were consolidated."

raised in Betty McDonald's "Counter Petition." It also recited that "[t]he Home of Hope's request for its attorney fees and cost incurred in connection with the declaratory judgment is deferred until evidence is submitted to support such claim."

 It is the duty of this court, *sua sponte*, to inquire into our jurisdiction. *Peterson v. Medlock*, 884 S.W.2d 679, 683 (Mo. App.S.D.1994); *Ahern v. Turner*, 732 S.W.2d 261, 262 (Mo.App.E.D.1987); *Zink v. Employers Mutual Liability Co.*, 686 S.W.2d 58, 59 (Mo.App.W.D.1985). If an appeal does not lie from a judgment, an appellate court has no jurisdiction to consider the merits of the case. *Rea v. Moore*, 891 S.W.2d 874 (Mo.App.S.D.1995).

The judgment in question was entered by the probate division of the circuit court. Section 472.160[2] authorizes appeals from certain specified orders, judgments or decrees of the probate division, which are inapplicable here, and also "[i]n all other cases where there is a final order or judgment...." In order for a judgment to be final and, therefore, appealable, it ordinarily must dispose of all issues for all parties in the case and leave nothing for future determination. *Rea v. Moore*, 891 S.W.2d at 874–875. In the instant case, the trial court did not dispose of the issue of attorney fees raised in Home of Hope's answer or the issues raised in Betty McDonald's counter petition.

A judgment's silence on an issue should not be deemed a disposition of that issue except where a ruling on one issue necessarily constitutes a ruling on the other. *Greenwood v. Bank of Illmo*, 753 S.W.2d 637, 640 (Mo.App.S.D.1988). In the instant case the remaining issues were not disposed of by the judgment entered.

In *Bil–Nol Enterprises, Inc. v. Wright*, 680 S.W.2d 203 (Mo.App.E.D.1984), the plaintiff sought an injunction and damages. The judgment, however, much like the instant case, provided that "the issue of damages sustained by the plaintiff, if any, shall remain open, to be determined and adjudged upon the submission of further proof and evidence...." The appellate court held that it had no jurisdiction because there was no final judgment. *Id.* at 204.

In *State ex rel. Kessler v. Shay*, 820 S.W.2d 311 (Mo.App.W.D.1991), the judgment did not address the appellant's claim for damages and attorney fees. As a result, the appellate court held that there was no final judgment and dismissed the appeal. *Id.* at 315.

Section 472.210 provides that appeals from the probate division "shall be taken in accordance with the rules of civil procedure relating to appeals." Rule 74.01(b) creates an exception to the general rule that all appealable judgments must dispose of all issues and parties. It provides that in cases involving multiple claims and parties,

the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The judgment in question does not dispose of all pending claims and the judgment does not contain an express determination that there is no just reason for delay. There is, therefore, no appellate jurisdiction in the instant case. As a result, this appeal is dismissed.

**2.** All references to statutes are to RSMo 1994, and rule references are to Missouri Rules of Civil Procedure (1994).