**Richard W. MARTIN, Appellant,**

v.

**INLAND TRUCK PARTS and Treasurer of Missouri for Second Injury Fund, Respondents.**

**No. WD 52262.**

Missouri Court of Appeals,
Western District.

Nov. 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1996.

R. Brian Hall, Kevin P. Rotert, Gladstone, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Michael C. Kirkham, Asst. Atty. Gen., Kansas City, for Second Injury Fund.

Before LOWENSTEIN, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This is an appeal from a final award the Labor and Industrial Relations Commission (Commission) denying benefits to Richard Martin (appellant), who sought permanent total disability compensation from Inland Truck Company (employer) and the Second Injury Fund (respondent). Appellant asserts two points on appeal: 1) that the medical and lay testimony introduced was sufficient to establish a preexisting condition for Second Injury Fund recovery, and the Commission erred when it used an incorrect standard to define a "preexisting condition"; and 2) the Commission erred in allowing the testimony of a Second Injury Fund medical expert, because the Second Injury Fund is prohibited from using its own medical experts. Ap-

pellant raises in Point III of his brief what he denominates as a third point of appeal. He claims in Point III that the Commission did *not* err in finding that it had jurisdiction to vacate its "first final award" and issue a "second final award" beyond the thirty-day limit for which an appeal could be taken on the first award. This is not an assignment of error, but rather a response to respondent's motion to dismiss this appeal for lack of jurisdiction which has been taken with the case.

We hold that the Commission lacked jurisdiction to enter its second final award, which renders it void and unappealable; and that appellant's time for appeal on the first final award expired before this appeal was taken, thus depriving this court of appellate jurisdiction on the instant appeal.

## FACTS

On June 10, 1991, appellant was injured at work when he fell in the rear end of a truck he was loading with a fly wheel. For about a year, appellant received treatment by personal and employer-selected physicians of medication, physical therapy, crutches and injections. However, appellant still complained of pain in his lower back, right hip, right knee and reported occasional numbness in his foot. Appellant underwent back surgery on May 27, 1992, with no measurable benefit. For the early part of 1993, appellant received counseling for depression and attended a pain management program, which was partially successful. Appellant continues to take medication for pain and has not been employed since his most recent injury. He has not sought work and has not attempted any retraining.

Appellant also alleges a number of preexisting injuries, which include his right and left elbows, right and left thumbs, left knee, temporal mandibular joint disfunction and loss of hearing. Prior to his 1991 work-related injury, appellant had a history of fairly constant employment after graduation from high school. During his four years in the military, he passed all of his physicals. Much of his work after the military involved moderate to heavy physical labor. Appellant spent some of his free time in activities which included fishing, boating, biking and playing

catch with his son. He did not take medication on a regular basis before his 1991 injury.

On October 25, 1991, appellant filed a claim for compensation with the Division of Workers' Compensation, along with a claim for Second Injury Fund recovery. At the hearing, which took place on February 25, 1994 and March 1, 1994, appellant introduced the deposition of his physician, Dr. Bernard Abrams, who based appellant's disability rating of eighty-eight percent as a whole upon appellant's prior conditions combined with his more recent back injury. Abrams testified that in his opinion, appellant was permanently and totally disabled. Over appellant's objection, the Second Injury Fund introduced a deposition from its physician, Dr. Poppa, who had obtained appellant's consent before examination. Dr. Poppa rated appellant's back injury at thirty-five percent permanent partial disability. He also testified that appellant's injuries prior to 1991 do not constitute injuries sufficient to establish a Second Injury Fund claim.

On August 9, 1994, Administrative Law Judge Siedlik (hereinafter ALJ) issued his award of permanent partial disability of forty-five percent of the body as a whole against the employer, but denied recovery under the Second Injury Fund. In his application for review, appellant requested the opportunity for briefs and oral arguments. The Commission entered its final award upholding the ALJ award on February 8, 1995, and apparently failed to note appellant's request. Appellant then filed a motion to vacate the final award on February 16, 1995, in a second attempt to secure the opportunity to file briefs and make oral arguments. On March 3, 1995, the Commission granted appellant's motion, vacated its order and set the matter for briefs and oral arguments. The Commission issued a second final award on December 28, 1995, which again affirmed the original order of the ALJ, but employed a different criteria for establishing injury. Appellant filed his notice of appeal on January 23, 1996, within thirty days of entry of the second final award, but almost a year past the time to appeal had expired for the

first final award. On appeal, respondent and employer filed joint motions for dismissal. Respondent's motion for dismissal was taken with the appeal before this court. Employer's appeal was dismissed at the request of employer and appellant.

## APPELLATE JURISDICTION

Respondent filed a motion to dismiss for a lack of appellate jurisdiction, which was taken with the case. In Point III of his brief, appellant responds to the argument asserted by respondent as a basis for its motion to dismiss. Regardless of whether a party raises the issue of appellate jurisdiction, or in what manner, we have a duty, *sua sponte*, to inquire into our appellate jurisdiction. *Home of Hope, Inc. v. McDonald*, 899 S.W.2d 138, 139 (Mo.App.1995).

Respondent contends in its motion and brief that: 1) the time for filing an appeal from the Commission's first final award expired prior to this appeal being taken; and 2) the Commission lacked jurisdiction to enter its second final award rendering it void so that the instant appeal would not lie. The appellant does not contest the fact that the time for filing an appeal from the first award expired prior to this appeal being taken. However, he does contest the fact that the Commission lacked jurisdiction to set aside its first award and enter its second award. "If a judgment is void, an appellate court acquires jurisdiction only to determine the invalidity of the judgment and to dismiss the appeal." *Settles v. Settles*, 913 S.W.2d 101, 103–04 (Mo.App. 1995). Thus, because we have no jurisdiction to consider the merits of an appeal where an appeal will not lie, *Home of Hope*, 899 S.W.2d at 139, we must first determine whether the second final award of the Commission is void; because if it is, this appeal will not lie, resulting in a dismissal. *Settles*, 913 S.W.2d at 103–04.

Section 287.495 [1] states, in pertinent part: [T]he final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award,

1. All statutory references are to RSMo 1994, unless otherwise indicated.

appeal the award to the appellate court having jurisdiction in the area in which the accident occurred or, if the accident occurred outside of this state, then in the area where the contract of employment was made.

Here, the Commission entered its first final award on February 8, 1995. The thirty-day appeal period for that award ran on March 10, 1995. However, the Commission ordered its first award set aside and entered a second final award on December 28, 1995. Appellant filed his appeal from this award on January 23, 1996, which was within the thirty-day appeal period for the second award.

The issue presented here was addressed in *Dunn v. Hussman Corp.*, 892 S.W.2d 676 (Mo.App.1994). In *Dunn*, the Commission first accepted briefs and heard oral arguments, then upheld the decision of the ALJ. *Id.* at 678. Within the thirty-day statutory appeal period, the employer and insurer filed for a rehearing and the Commission granted a second opportunity for oral argument. *Id.* at 678–79. The Commission then reversed its decision and found against the employer after the thirty days for appeal had elapsed. *Id.* at 679. Holding that the Commission erred, *Dunn* relied on the holding in *Fisher v. City of Independence*, 370 S.W.2d 310 (Mo. banc 1963). The rule of law found in *Fisher* provides that the Commission has the authority to set aside a final award and enter a second award only if the second award is in response to a factual error on which it relied to enter its award, and the second award is entered within the thirty day statutory appeal period for the first award. *Dunn*, 892 S.W.2d at 679–80.

 Here, although the Commission set aside its first final award within the thirty-day appeal period, it did not enter the second award until seven months after the time for appeal had expired, on March 10, 1995. As held in *Dunn*, we hold that the Commission did not have any statutory authority to enter a second final award after the appeal period had expired on March 10, 1995. "An administrative tribunal is a creature of statute and exercises only that authority invested by legislative enactment." *Sheets v. Labor and Indus. Relations Comm'n*, 622 S.W.2d 391,

393 (Mo.App.1981). *Dunn* warns us that the public's confidence in the policy of the finality of judgments would be undermined were we to decide that the Commission has the authority to vacate orders and grant rehearings outside of the constraints of formal timing procedures. *Dunn*, 892 S.W.2d at 679.

Because appellant failed to appeal the Commission's first final award within the thirty-day statutory time for appeal, that award became conclusive and binding, unless the Commission had the jurisdiction to set it aside and enter its second final award. Since we now hold that the Commission lacked jurisdiction to enter the second final award and it is void, this appeal must be dismissed for a lack of jurisdiction. *Settles*, 913 S.W.2d at 103–04.

## CONCLUSION

This appeal is ordered dismissed for a lack of jurisdiction and the case remanded to the Commission which is directed to set aside its Second Final Award as being void and reinstating its first award as its final award.

All concur.