**BURCH FOOD SERVICES, INC., Appellant,**

v.

**MISSOURI DIVISION OF EMPLOY-MENT SECURITY, Respondent.**

**No. WD 52823.**

Missouri Court of Appeals, Western District.

March 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Application to Transfer Denied June 17, 1997.

James R. Robinson, Sikeston, for appellant.

Ninion S. Riley, Mo. Div. of Employment Security, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

LOWENSTEIN, Judge.

Burch Food Services (Burch) appeals a decision of the Labor and Industrial Relations Commission (Commission), which reversed its initial decision in this employment security case after the time to appeal expired, and upheld the Appeals Tribunal's decision requiring Burch to pay a higher unemployment tax contribution rate after purchasing a percentage of assets from Lambert Vending Corporation. On appeal, Burch alleges the Commission acted beyond its authority in reversing itself after the time for appeal had expired and, in the alternative, there was not sufficient competent evidence on the record to support the Commission's conclusion that Burch qualifies as a successor corporation standing in the shoes of Lambert for the purposes of unemployment compensation law.

In November of 1994, Burch, a food vending and cafeteria service operating in Missouri and several other states, bought fifteen to twenty percent of the assets of Lambert Vending Corporation (Lambert). As a result of this purchase, the Missouri Division of Employment Security (the division) informed Burch, that its unemployment tax contribution rate would be increased since Burch had "acquired and continued substantially all the business of Lambert Vending, Inc."

Burch contested the increase before the division, the Appeals Tribunal, and the Commission. The tax rate increase was upheld by the division and the Appeals Tribunal. The Commission, however, reversed and held, "[T]he competent and substantial evidence on the whole record supports a finding that Burch Food Service, Inc. is not a successor to Lambert Vending Corporation within the meaning of § 288.110 RSMo, 1994." The Commission further found that "no business enterprise was transferred in this case. Lambert still is in operation.... It is not equitable to charge Burch with a higher contributions rate ... when Lambert continues to operate and substantially all of Lambert's business was not acquired."

The decision of the Commission was mailed to the parties on March 6, 1996 and stated as follows: "the Commission Decision becomes final ten days after the date of mailing of such decision under Sec. 288.200.2 RSMo, 1994. Within twenty days after a decision of the Commission has become final, a party aggrieved may secure an appeal with the appropriate Missouri Court of Appeals as provided in Sec. 288.210 RSMo. Supp., 1995." On April 8, 1996, after the time for appeal had passed, the division filed a Respondent's Request for Reconsideration with the Commission and reconsideration was granted. On May 20, 1996, the Commission reversed itself and found that "the decision of the Appeals Tribunal should be affirmed because it is fully supported by the competent and substantial evidence on the whole record."

■ In its first point on appeal, Burch contends that the Commission acted without, or in excess of, its authority in granting the division's motion for reconsideration after the Commission's first decision was final and the time for appeal had expired.

Section 288.200.2, RSMo (Supp.1997), provides statutory authority for the proposition that the Commission may reverse its own decision. The statute dictates the Commission may, "on its own motion and by written decision, reconsider any determination or redetermination or decision wherein any such right, fact, or matter at issue was determined or necessarily involved when it appears that such reconsideration is essential to accom-

plish the object and purposes of the law." § 288.200.2, RSMo (Supp.1997).

But the Commission's ability to reconsider its decisions is not without limit. The court finds *Dunn v. Hussman Corp.*, 892 S.W.2d 676, 679 (Mo.App.1994), persuasive here. *Dunn* confronted a similar issue in the context of worker's compensation and held the Commission lacked authority to rescind an initial workers compensation award, and then issue a new award after the appeal period had expired. The *Dunn* court noted, "to find otherwise would permit the Commission to vacate orders ... in continuum." *Id.* "This would undermine the public's confidence in the important policy of the finality of judgments." *Id.*

Respondent argues that the Commission has authority to reconsider its initial decision upon its own motion and, where no appeal is filed, there is no real limit to the length of the Commission's jurisdiction to reconsider its decisions. According to respondent, the only limit on the Commission's jurisdiction is language in § 288.200.2 which confers power for the Commission to reconsider its decisions only "when it appears that such reconsideration is essential to accomplish the object and purposes of the law." Accepting this argument would allow the Commission to reverse its decisions whenever it "appears that reconsideration is essential ..." no matter how many months or years had passed since the decision was initially rendered.

■ Ultimately, this is a matter of statutory interpretation. In interpreting statutes, the words contained in the statutes must be given their plain and ordinary meaning. *McCollum v. Director of Revenue*, 906 S.W.2d 368, 369 (Mo.1995). Provisions of the entire legislative act must be construed together and, if reasonably necessary, all provisions must be harmonized. *Hagely v. Bd. of Educ. of Webster Groves Sch. Dist.*, 841 S.W.2d 663, 667 (Mo.1992). Courts of appeals should use rules of statutory construction to subserve rather than subvert legislative intent; in addition, the court should not construe the statute so as to work unreasonable, oppressive or absurd results. *Jenkins v. Missouri Farmers Ass'n*, 851 S.W.2d 542,

545 (Mo.App.1993). Considering the entire legislative scheme and looking at the plain meaning of the language used, the court must attempt to harmonize each statutory enactment.

■ Sections 288.200 and 288.210, RSMo (Supp.1997), at issue here, cannot be interpreted to give the Commission limitless authority to reconsider its decisions. Such an interpretation defies notions of finality in our law and defeats the appeal process delineated in § 288.210. If this court permits the Commission to reconsider and reverse itself after the time for appeal has expired, there is no longer any need or incentive for aggrieved parties to file an appeal within 20 days as described in § 288.210. Any party failing to appeal in the allowable time frame would have the fallback option of petitioning the Commission for reconsideration. Such an interpretation would work an unreasonable and absurd result and would moot the language of § 288.210.

■ The procedures outlined for appeal by statute are mandatory. *Knuckles v. Apex Industries Inc.*, 762 S.W.2d 542, 543 (Mo. App.1988). Section 288.210, RSMo (Supp. 1997), vests exclusive appellate jurisdiction with the appropriate appeals court for twenty days after a Commission's decision becomes final. In this case, the Division, failing to appeal the initial judgment within the specified twenty days for appeal to this court, desired a "second bite at the apple" in filing for reconsideration. If the Division did not approve of the Commission's initial finding, it should have appealed the award to this court, as outlined in § 288.200.

■ The next inquiry, though not raised by the parties, is whether, under the circumstances, this court has appellate jurisdiction. This court has a duty, sua sponte, to inquire into its appellate jurisdiction. *In re Carl McDonald Revocable Trust*, 899 S.W.2d 138, 139 (Mo.App.1995). This court has no jurisdiction to consider the merits of an appeal where an appeal will not lie. *Id.* at 139. "If a judgment is void, an appellate court acquires jurisdiction only to determine the invalidity of the judgment and to dismiss the

appeal." *Settles v. Settles*, 913 S.W.2d 101, 103–04 (Mo.App.1995).

The Commission lacked jurisdiction to enter its Order of the Commission After Reconsideration. It is, therefore, void and unappealable. The Commission's initial decision, dated May 5, 1996, is reinstated. The time for appeal of the Commission's first judgment expired prior to this appeal being taken, depriving this court of appellate jurisdiction, and as a result, appellant's second point on appeal is not reached. The Commissioner's judgment on appeal is reversed as void and the appeal is dismissed.

All concur.