**Alfred KING, Claimant/Appellant,**

v.

**CHRYSLER CORPORATION,
Employer/Respondent,**

**and**

**Second Injury Fund, Respondent.**

No. ED 81460.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 10, 2002.

Loretta A. Simon, St. Louis, MO, Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Jon W. Spencer, Asst. Atty. Gen.; Plia D. Cohn., Asst. Atty. Gen., St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Alfred King (Claimant) appeals from an order of the Labor and Industrial Relations Commission (Commission) denying jurisdiction to review Claimant's motion for "Clarification of Decision Regarding Payment of Award." Claimant contends the Commission retains jurisdiction to interpret language of an award issued by the Commission. We dismiss the appeal.

On March 1, 2001, an Administrative Law Judge (ALJ) issued an award in favor of Claimant. The ALJ determined Claimant was permanently and totally disabled as a result of the primary injury in combination with pre-existing disabilities. The ALJ awarded permanent total disability against the Second Injury Fund (Fund) and permanent partial disability against the Employer, Chrysler Corporation. The Fund appealed the decision to the Commission and the Commission affirmed the ALJ's award on October 23, 2001. The Commission's award was not appealed and became final on November 22, 2001. In December 2001, the Fund tendered a payment to Claimant. A dispute arose as to the amount owed to Claimant by the Fund. On May 13, 2002, Claimant filed a "Motion for Clarification of Decision Regarding Payment of Award" with the Commission. The Commission determined that it did not have jurisdiction or authority to consider Claimant's motion stating:

> We find no authority for this Commission to correct an alleged error or "clarify" an award which has been final for several months. Any alleged error could have and should have been ad-

Harry J. Nichols, Robert H. Sihnhold, St. Louis, MO, for appellant.

dressed when the matter was before this Commission, or by proper appeal.

Claimant now appeals.

Claimant maintains the Commission erred in denying jurisdiction over Claimant's motion. Claimant asserts the Commission retains jurisdiction to interpret the language of an award issued by the Commission after it becomes final. We disagree.

■■■ Section 287.495, RSMo 2000, states, in pertinent part:

1. The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court.

The procedures outlined for appeal by statute are mandatory. *Knuckles v. Apex Industries, Inc.*, 762 S.W.2d 542, 543 (Mo. App. E.D.1988). Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. *Id.* An administrative tribunal, like the Commission, is a creature of statute and only exercises that authority invested by legislative enactment. *Martin v. Inland Truck Parts*, 935 S.W.2d 68, 71 (Mo.App. W.D.1996).

■■ Here, the Commission entered its final award on October 23, 2001. The thirty-day appeal period for that award ran on November 22, 2001. Claimant filed his motion for clarification on May 13, 2002. The Commission did not have any statutory authority to review Claimant's motion after the appeal period expired on November 22, 2001. *See Dunn v. Hussman Corp.*, 892 S.W.2d 676, 679–80 (Mo. App. E.D.1994); *Martin*, 935 S.W.2d at 71

(reaffirming that the Commission has the authority to set aside a final award and enter a second award only if the second award is in response to a factual error on which the Commission relied, and the second award is entered within the thirty-day statutory period). To find otherwise and allow the Commission to vacate orders and grant re-hearings outside the constraints of formal timing procedures, would undermine the public's confidence in the important policy of the finality of judgments. *Dunn*, 892 S.W.2d at 679.

Similarly, in interpreting Sections 288.200 and 288.210, RSMo 2000,[1] in an employment security case, the court in *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.*, 945 S.W.2d 478 (Mo. App. W.D.1997) found that the statutes could not be interpreted to give the Commission limitless authority to reconsider its decisions. The *Burch* court stated that such an interpretation would defy notions of finality in our law and defeat the appeal process. *Id.* The court further stated that allowing a party to petition the Commission for reconsideration after the time for appeal expired "would work an unreasonable and absurd result" and would allow a "second bite at the apple." *Id.*

Because Claimant failed to appeal the Commission's final award within the thirty-day statutory time for appeal, that award became conclusive and binding. There is no provision within the Workers' Compensation Act authorizing the Commission to review motions after an award is final. Thus, Commission correctly determined it did not have jurisdiction to entertain Claimant's motion for clarification. We appreciate Claimant's argument that he was not aware of the dispute until

---

1. Section 288.200.2 confers power for the Commission to reconsider its own decisions only "when it appears that such reconsideration is essential to accomplish the object and purposes of law." Section 288.210 provides the process for filing an appeal within 20 days of the Commission's decision becoming final.

after the award became final; we feel importance in finality of judgments must prevail.

The Commission did not have jurisdiction over Claimant's motion, and therefore this court is deprived of appellate jurisdiction on this appeal. *Martin*, 935 S.W.2d at 71.

Appeal dismissed.

HOFF and DRAPER, JJ., concur.