Kelly WEST, Claimant/Appellant,

v.

**INTEGRAL PROPERTIES, LLC, and Division of Employment Security, Respondents.**

**No. ED 82466.**

Missouri Court of Appeals, Eastern District, Division Five.

March 25, 2003.

Kelly West, St. Louis, MO, Pro Se.

Integral Properties LLC, Alan J. Downs, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

Kelly West, claimant, appeals the order of the Labor and Industrial Relations Commission affirming the decision of the

Appeals Tribunal, which determined she was disqualified from receiving unemployment insurance benefits because she left work voluntarily without good cause attributable to the work or the employer.

The respondent Division of Employment Security has filed a motion to dismiss the appeal contending this Court lacked jurisdiction to review it. The claimant has filed no response to the motion. The respondent contends that the claimant's notice of appeal to this Court is untimely. Section 288.210, RSMo 2000, provides that a notice of appeal from an unemployment decision by the Commission must be filed within twenty days after the decision becomes final. A decision of the Commission becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its order to the claimant on December 17, 2002. The order became final ten days later on December 27, 2002, and the claimant's notice of appeal was due on January 16, 2003. Section 288.210. The claimant's notice of appeal, which was filed on January 24, 2003, was untimely. The respondent's motion is well taken.

The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health,* 84 S.W.3d 524, 525 (Mo.App.E.D.2002). Neither section 288.200 nor section 288.210 provides a mechanism for seeking a special order to file a late notice of appeal. *Mathis,* 84 S.W.3d at 525; *Phillips v. Clean-Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D. 2000). Accordingly, we grant the respondent's motion to dismiss. The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.