Kevin MILLER, Appellant,

v.

RIGSBY'S PROFESSIONAL HAIR-CUTTERS, INC., and Division of Employment Security, Respondents.

No. ED 82858.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 16, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 2003.

Application for Transfer Denied Jan. 27, 2004.

Kevin P. Miller, Ballwin, pro se.

Cynthia Ann Quetsch, Ninion S. Riley, Division of Employment Security, Jefferson City, MO, Rigsyb's Professional Haircutters, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Kevin Miller (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) affirming the denial of his application for unemployment benefits. Because we find Claimant's notice of appeal is untimely, we dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy determined he was disqualified from receiving unemployment benefits for four weeks because he was discharged by his employer for misconduct connected with his work. Claimant appealed to the Appeals Tribunal, which concluded he was disqualified for four weeks, but otherwise eligible for unemployment benefits. Claimant filed an application for review with the Commission, which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on January 14, 2003. Claimant filed a notice of appeal to this Court by facsimile transmission on April 23, 2003.

Section 288.210[1] provides an aggrieved party twenty days to appeal the Commission's decision after it becomes final. The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2. Here, the Commission mailed its decision to Claimant on January 14, 2003. Therefore, the decision became final ten days later on January 24, 2003. Section 288.200.2. Claimant's notice of appeal was due on February 13, 2003. Section 288.210. Claimant filed his notice of appeal with this Court by facsimile transmission on April 23, 2003, and thus, his notice was untimely.

The Division of Employment Security (Division) has filed a motion to dismiss Claimant's appeal because it is untimely. This Court also issued an order to Claimant directing him to show cause why his appeal should not be dismissed. Claimant filed a response requesting an allowance for filing the appeal. The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). There is no provision under either Section 288.200 or Section 288.210 to file a late notice of appeal. *Mathis v. St. Louis County Health*, 84 S.W.3d 524, 525 (Mo.App. E.D.2002); *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

While the time provisions of section 288.210 may seem harsh, they are ameliorated by other provisions in the law. For example, 8 C.S.R. 20–2.010(5), which was used by Claimant, allows a party to file a notice of appeal by facsimile in an unemployment matter. However, this provision cannot assist Claimant if his notice of appeal is still untimely.

In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis*, 84 S.W.3d at 525. The Division's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.