Danny **FALK**, Respondent,

v.

**BARRY, INC.,** Appellant.

No. **WD 64402.**

Missouri Court of Appeals,
Western District.

March 29, 2005.

Tracy M. Vetter, Kansas City, MO, for Appellant.

James H. Bell, Kansas City, MO, for Respondent.

Before ROBERT G. ULRICH, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

ROBERT G. ULRICH, Presiding Judge.

Barry, Inc. (Barry) appeals from the order of the Labor and Industrial Relations Commission (Commission) declining to modify its 1986 award, entered by authority of section 287.240 RSMo, requiring monthly payments to the widow of Danny Falk, who died as a result of injuries sustained in his employment with Barry. Barry claims that the payments were "capped" at $195,000 by the version of section 287.240 in existence when Mr. Falk died and when the award was entered and that the sum has been exceeded, thereby alleviating any legal duty to make further payments. The Commission properly indicated that it had no jurisdiction to review the award, and this court lacks jurisdiction to review the order. The appeal is dismissed.

Barry employed Danny Falk when he was injured as the result of a work related accident that occurred on June 15, 1982. Mr. Falk died from his injuries on June 19, 1982. The case was presented to an Administrative Law Judge, acting by authority of Missouri's Workers' Compensation Act, who entered an award on February 7, 1985. Barry filed its application for review by the Commission, challenging the findings of the ALJ and the method of computation.

The Commission's final award was entered on June 23, 1986. The Commission modified the method of computation, but upheld the other findings. Barry was to pay to Mr. Falk's dependents $174.00 per week. Barry made the weekly payments through its insurance carrier, Liberty Mutual Insurance Company (Liberty Mutual), until December of 2003. A notation on the check dated December 9, 2003, stated: "NOTES: PER AWARD THIS IS THE FINAL PAYMENT OF $468.00." Barry claims to have paid Mr. Falk's dependents $200,700.00.

Counsel for Mrs. Veronica Falk, widow of Danny Falk, wrote a letter to the Commission dated December 30, 2003, requesting a hearing and determination as to why benefits were stopped. The Commission then wrote a letter to Liberty Mutual requesting notification of why payments were stopped. Barry filed its Notice of Employer/Insurer of Compliance with Order alleging that payment had been stopped because the version of section 287.240 in effect at the time of Mr. Falk's injury and death included a $195,000.00 payment cap, which had been surpassed by the payments already made by Barry. Mrs. Falk then filed her Response to Barry's Notice of Compliance. At the request of the Commission, the parties submitted briefs on the issue.

The Commission entered a ruling dated June 20, 2004. While the ruling of the commission is titled "order," the Commission properly concluded that it was without authority to amend the award because the time for appeal of the award had expired. Effectively, the Commission is without authority to further delineate the award or expound on its meaning. The conclusion of the Commission was simply that Barry was, thus, required to abide by

the terms of the award, whatever the award requires. "An administrative tribunal is a creature of statute and exercises only that authority invested by legislative enactment." *Martin v. Inland Truck Parts*, 935 S.W.2d 68, 71 (Mo.App. W.D. 1996) (quoting *Sheets v. Labor & Indus. Relations Comm'n*, 622 S.W.2d 391, 393 (Mo.App.1981)).

Because the Commission has no statutory authority to review an award, the Commission correctly dismissed the action for lack of jurisdiction. *See Mikel v. Pott Indus./St. Louis Ship*, 896 S.W.2d 624, 626 (Mo. banc 1995). The Commission has no authority to enforce a workers' compensation award, as this is power that must be exercised by the judiciary. *Baxi v. United Techs. Auto. Corp.*, 122 S.W.3d 92, 96 (Mo. App. E.D.2003).

Appellate review of the decisions of the Commission is also statutory. Section 287.495, R.S. Mo.2000. Because no legal judgment has been presented for appellate review, this court must dismiss the action for a lack the jurisdiction. *See Martin*, 935 S.W.2d at 71.

All concur.