John COX, deceased, and Betty Cox, Claimant/Appellants,

v.

TREASURER OF the STATE of Missouri, as Custodian of the Second Injury Fund, Additional Party/Respondent.

No. ED 89751–01.

Missouri Court of Appeals, Eastern District, Division Four.

May 13, 2008.

Application for Transfer Denied Aug. 26, 2008.

Dean L. Christianson, Schuchat, Cook & Werner, St. Louis, Mo, for claimant/appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Laura C. Wagener, Assistant Attorney General, St. Louis, MO, for respondent.

## OPINION

MARY K. HOFF, Presiding Judge.

John Cox (Claimant), deceased, and his wife, Betty Cox, (Wife) appeal from the order of the Labor and Industrial Relations Commission (Commission) denying Wife's request for reinstatement of the permanent total disability (PTD) benefits previously awarded to Claimant in the final award of the administrative law judge (ALJ) of the Division of Workers' Compensation (Division) on the ground that the Commission did not have jurisdiction to consider Wife's request. The ALJ's

final award required the Missouri State Treasurer (Treasurer), as Custodian of the Second Injury Fund, to pay weekly PTD benefits to Claimant. We affirm the Commission's ruling that it had no jurisdiction to consider Wife's request.[1]

### Facts and Procedural Background

On April 24, 2001, Claimant sustained work-related injuries; thus, he filed a claim for worker's compensation with the Division. On July 11, 2003, after a hearing in which evidence was adduced, the ALJ entered its Findings of Fact and Rulings of Law (final award) in favor of Claimant, finding Claimant's employer liable for permanent partial disability and finding Treasurer liable for PTD benefits payable from the Second Injury Fund. The final award did not make any determination as to whether Claimant had any dependents at the time of the award. None of the parties appealed the final award.

Claimant's employer paid its portion of the award and was not made a party to the instant case. Treasurer paid the PTD benefits to Claimant until Claimant's death on February 25, 2006. However, because it was not immediately aware of Claimant's death on that date, Treasurer continued to pay the PTD benefits to Claimant until Claimant's and Wife's counsel (Counsel) notified the Division of Claimant's death. In March 2006, the Division sent a letter to Counsel asking that Wife reimburse Treasurer for the PTD benefits it had paid on Claimant's behalf after his death, implying that Treasurer was no longer liable for paying those benefits. In April 2006, Wife reimbursed Treasurer as requested. Counsel simultaneously sent a letter to the Division stating that Wife disagreed with

1. On this same date, a nearly identical case, *Winberry v. Treasurer of Missouri as Custodian of the Second Injury Fund*, ED89770 (J. Draper III), also is being published following transfer to the Missouri Supreme Court, pursuant to Rule 83.02, and retransfer to this Court.

Treasurer's position that it was no longer liable for the PTD benefits awarded to Claimant.

In January 2007, Counsel sent another letter to the Division specifically requesting reinstatement of the PTD benefits awarded to Claimant. In the letter, Counsel informed the Division of the Missouri Supreme Court's decision in *Schoemehl* requiring Treasurer to continue paying PTD benefits to an injured worker's dependent spouse upon the death of the injured worker. The Division did not reply to Counsel's letter but forwarded it to the Commission, which, in turn, asked Treasurer to respond to the letter. In April 2007, Treasurer filed its response with the Commission and asserted that Claimant's death terminated Treasurer's responsibility to pay the PTD benefits and that the Commission no longer had jurisdiction over the claim, either to enter any further orders or to reinstate any benefits. On May 2, 2007, the Commission entered a ruling entitled "ORDER" in which it concluded that, because Claimant's original award was a final award, the Commission had no statutory authority "to further delineate the [final] award or expound on its meaning...." The Commission also stated that it was without authority to enforce the final award because the power to enforce an award must be exercised by the judiciary.

On May 22, 2007, Wife filed a notice of appeal in this Court seeking review of the Commission's ruling and filed a Motion for Determination of Surviving Dependents (Motion) with the Commission. In her Motion, Wife alleged that she had been Claimant's dependent at the time of the ALJ's final award and at the time of Claimant's death, and, therefore, she was entitled to continue receiving Claimant's PTD benefits. Wife further alleged that, under Missouri law, the Commission continued to have jurisdiction over the final award to determine questions of dependency, to hold hearings concerning the propriety of terminating PTD benefits, and to modify the payment of PTD benefits to dependents after a final award has been issued. Wife asked the Commission to remand the case to the Division for an evidentiary hearing to determine whether, under the reasoning in *Schoemehl*, Claimant had surviving dependents entitled to receive the PTD benefits.

### Standard of Review

Appellate review of the decisions of the Commission is prescribed by statute. Section 287.495.[2] However, appellate courts are not bound by the Commission's interpretation and application of the law, and we afford no deference to the Commission's interpretation of the law. *Schoemehl*, 217 S.W.3d at 901, *citing Pierson v. Treasurer of the State of Missouri*, 126 S.W.3d 386, 387 (Mo. banc 2004). "This Court's interpretation of the workers' compensation act is informed by the purpose of the act, which is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment." *Schoemehl*, 217 S.W.3d at 901, *citing Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983). Accordingly, we shall liberally construe the law of workers' compensation with a view to the public welfare. Section 287.800; *Schoemehl*, 217 S.W.3d at 901. We will resolve any doubt as to an injured employee's right to compensation in favor of the injured employee. *Schoemehl*, 217 S.W.3d at 901.

### Discussion

In her sole point on appeal, Wife contends the Commission erred in finding

---

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

it did not have jurisdiction over her claim requesting a continuation of permanent total disability benefits following Claimant's death. Wife relies on the recent decision in *Schoemehl* for the proposition that dependents of claimants receiving permanent total disability benefits are entitled to continue receiving those benefits after the claimant's death as long as the claimant died from causes unrelated to the accident from which his injuries arose and the claimant was survived by dependents. Wife argues that the Commission should have exercised its "primary and exclusive jurisdiction" to determine questions of fact, *to wit:* 1) did Claimant die of causes unrelated to his work injury; and 2) was Claimant survived by dependents.

We find the situation here different from that in *Schoemehl.* There, the injured employee's case was still pending when he died. Although the injured employee had begun receiving temporary total disability benefits and medical benefits from his employer, there had been no determination made on the injured employee's claim against the Second Injury Fund for PTD benefits. No final award had been issued by the Commission and no determination regarding the status of the injured employee's dependent spouse had been made at the time he died. After his death, an ALJ with the Division heard the case and found that, although the injured employee would have been entitled to PTD benefits from the Second Injury Fund had he survived, the injured employee's dependent spouse was not entitled to receive the PTD benefits in Claimant's stead. The Commission affirmed the ALJ's decision. After appeal to the Southern District of this Court, the Missouri Supreme Court was asked to decide, as a matter of first impression, whether the Commission erred in concluding that the injured employee's dependent spouse was not an "employee" under the workers' compensation statutes

and, therefore, not entitled to receive the PTD benefits. The Supreme Court found that the plain language of certain statutory sections in the workers' compensation act compelled a finding that the injured employee's dependent spouse, who was the injured employee's sole surviving dependent, was entitled to receive the PTD benefits. *Schoemehl,* 217 S.W.3d at 902–03.

In this case, unlike *Schoemehl,* we have been asked to determine the propriety of the Commission's order dismissing Wife's request for reinstatement of the PTD benefits on the ground that it did not have jurisdiction to even consider the status of Wife as Claimant's surviving dependent. Based on our review of the record, we find it significant that Claimant's award was final prior to his death while the award in *Schoemehl* still was pending at the time of the injured employee's death. Moreover, we find that Counsel's letters to the Division and to the Commission informing them of the decision in *Schoemehl* and requesting the reinstatement of PTD benefits did not transform Claimant's final award into a pending award. Here, the Commission, an administrative tribunal created by statute and authorized to exercise only the power invested in it by legislative enactment, correctly ruled that it had no statutory authority to reopen and review Claimant's final award or to make a new determination based on Wife's claim. *See Falk v. Barry, Inc.,* 158 S.W.3d 327, 329 (Mo.App. W.D.2005). Because our review of the Commission's decision also is statutory, we affirm the Commission's dismissal for lack of jurisdiction. *Falk,* 158 S.W.3d at 329.

SHERRI B. SULLIVAN, Judge and GEORGE W. DRAPER III, Judge: Concur.