Glennda TAYLOR, Appellant,

v.

BALLARD R–II SCHOOL DISTRICT,
Respondent;

Treasurer of the State of Missouri—
Custodian of the Second Injury
Fund, Respondent.

No. WD 69406.

Missouri Court of Appeals,
Western District.

Jan. 27, 2009.

John R. Stanley, Overland Park, KS, for appellant.

Howard C. Gosnell, Jr., Meredith L. Moser, Kansas City, MO, for respondents.

Before DIV I: LOWENSTEIN, P.J., HOWARD, J. and NEWTON, C.J.

HAROLD L. LOWENSTEIN, Judge.

## I. INTRODUCTION

Glennda was employed as a school bus driver and suffered a back injury on the job in December 2003. An administrative law judge (ALJ) awarded Glennda permanent total disability benefits. The same day the ALJ filed the award, Glennda committed suicide by drug overdose. Glennda's employer timely filed an application for review of the ALJ's award with the Labor and Industrial Relations Commission (the Commission).

Marvin, Glennda's husband, moved the Commission to substitute himself as a party to the proceeding under section 287.580.[1] The Commission granted Marvin's motion, allowing him to proceed in the matter, and further stated that, "[u]nder Section 287.580, Marvin Taylor, is the successor to [Glennda's] rights, whatever those rights may be." The Commission subsequently issued its final award affirming the ALJ's award and incorporating it by reference. However, the Commission made no additional findings of fact and, hence, provided no mention of the effect of Glennda's death on the ALJ's award of unaccrued permanent total disability benefits. Essentially, the Commission allowed Marvin to pursue Glennda's rights as a procedural matter by granting his motion but, in its final award, bypassed the issue of whether Marvin, the surviving spouse, was entitled to Glennda's disability benefits. Marvin brought this appeal to clarify whether he is entitled to those benefits in light of the Missouri Supreme Court's holding in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). As applicable to this case, *Schoemehl* held that when a claimant has been awarded permanent total disability benefits and subsequently dies of a cause unrelated to the work injury, the awarded benefits survive to the claimant's dependents for their lifetime. *Id.* at 902. It should be here noted that the holding in *Schoemehl* was abrogated by the Missouri General Assembly in legislation effective as of June 26, 2008.[2]

## II. FACTS AND PROCEDURAL HISTORY

The underlying facts are not in dispute. Ballard R–II School District (Employer) hired Glennda Taylor to drive a school bus beginning in October 2002. After a few months on the job, Glennda developed pain in her hip, leg, and lower back due to the rough country roads and a poor suspension system on the bus. Her condition worsened over the next year. Glennda visited numerous doctors seeking treatment and took a short medical leave, but her symp-

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. Senate Committee Substitute for House Committee Substitute for House Bill No. 1883, 94th General Assembly, 2008 Mo. Laws 442, effective June 26, 2008.

toms did not improve. During that time Glennda also suffered from ongoing depression, for which she had been diagnosed in 1990 shortly after her brother committed suicide. Glennda was unable to continue working as of January 5, 2004, and was terminated by Employer on January 15, 2004. The following day, Glennda filed a claim for compensation alleging permanent total disability, naming Employer and the Treasurer of the State of Missouri as Custodian of the Second Injury Fund as parties. On January 29, 2004, Glennda underwent surgery to relieve her ailments. The surgery, however, was unsuccessful. Complications occurred requiring removal of one of her kidneys, and the procedure failed to relieve Glennda of the pain in her leg and lower back.

The ALJ conducted a hearing on Glennda's claim on March 2, 2007, and subsequently filed an award in her favor on July 2, 2007. In determining the award, the ALJ relied on evidence from both a physical examination and a psychiatric evaluation. The medical doctor concluded that Glennda suffered "failed back syndrome" as a consequence of her work activities and was thereby permanently and totally disabled because of her December 2003 injuries. The psychiatric evaluation indicated that Glennda suffered from ongoing depression, which predated her work injury but was enhanced thereafter. On the preceding evidence, the ALJ decided that Glennda was rendered permanently and totally disabled from her work injuries. The ALJ found Employer liable and ordered payment of $49,400.37 for past medical bills and $210.85 per week as permanent total disability benefits, dating back to January 29, 2004. As part of the award, the ALJ dismissed the Second Injury Fund, finding no liability.[3]

On the same day the ALJ handed down the award, Glennda committed suicide by taking an overdose of drugs. Obviously, the ALJ's award made no mention of Glennda's death. Her death certificate listed "drug overdose" as the immediate cause of death and "depression" in a separate section requesting "[o]ther significant conditions contributing to death but not resulting in the underlying cause."

On July 18, 2007, Employer timely filed an application for review of the ALJ's award to the Commission. Three days later, Marvin Taylor moved the Commission to substitute parties. He provided the Commission notice of Glennda's death by attaching a copy of her death certificate to the motion. In his motion, Marvin specifically stated that he was Glennda's surviving spouse and sole dependent. Marvin asked the Commission "to substitute himself as successor to Glennda Taylor, Deceased, as the Employee/Appellee herein," pursuant to Section 287.580, which provides:

> If any party shall die pending any proceedings under this chapter, the same shall not abate, but on notice to the parties may be revived and proceed in favor of the successor to the rights or against the personal representative of the party liable, in like manner as in civil actions.

In ruling on Marvin's motion, the Commission first acknowledged Employer's argument. Employer took the position that at the time of her death, Glennda was not entitled to compensation, and therefore, Marvin was not entitled to compensation under 287.230 or any other provision of the workers' compensation law.[4] In recognizing Employer's argument, the Commission

---

**3.** Neither party contested Second Injury Fund liability on appeal.

**4.** Chapter 287 RSMo 2000.

noted that section 287.230 [5] governs "proceedings before the Commission when an employee dies while a claim is pending" but stated that Employer's argument need not be addressed. The Commission ruled only on the sole procedural issue of whether Marvin was entitled to proceed on Glennda's claim. The Commission granted the motion, stating that Marvin, as Glennda's surviving spouse, was entitled to proceed under section 287.580 as "the successor to [Glennda's] rights, whatever those rights may be." In effect, the Commission decided only that Marvin was entitled to pursue Glennda's claim as a procedural matter, not whether Marvin was entitled to Glennda's disability benefits under section 287.230.

On February 1, 2008, the Commission issued its final award affirming the ALJ's award and incorporating it by reference. Despite the Commission's recognition that section 287.230 applied to the instant case, the final award made no mention of Glennda's death or its effect under the statute. The final award ordered Employer to pay permanent total disability benefits immediately, dating back to January 29, 2004, but did not specifically order benefits payable to Marvin. The record does not indicate whether Employer terminated such payments. Marvin appeals to this court to clarify whether he, as Glennda's surviving spouse, is entitled to Glennda's permanent total disability benefits for his lifetime pursuant to the Missouri Supreme Court's decision in *Schoemehl*, 217 S.W.3d 900.

### III. ANALYSIS

■ Appellate review of the decisions of the Commission is prescribed by statute, section 287.495, and by article V, section 18, of the Missouri Constitution. Article V, section 18, provides for judicial review of the Commission's award to determine whether the decision is authorized by law and, in cases in which a hearing is required by law, whether the decision is "supported by competent and substantial evidence upon the whole record." Section 287.495 provides that this court shall affirm the Commission's decision unless the Commission acted in excess of its powers, the award was procured by fraud, the facts do not support the award, or insufficient competent evidence exists in the record to warrant the making of the award. This court is not bound by and affords no deference to the Commission's interpretation and application of the law. *Schoemehl,* 217 S.W.3d at 901.

In his sole point, Marvin contends the Commission erred because its factual findings do not support the final award. He asserts that the Commission failed to address whether he, as the surviving dependent, is entitled to continuation of Glennda's permanent total disability benefit award for his lifetime in light of the Missouri Supreme Court's decision in *Schoemehl.*

The Missouri General Assembly's response to the *Schoemehl* opinion was to amend several sections of Chapter 287 by Senate Committee Substitute for House Committee Substitute for House Bill No. 1883, 94th General Assembly, 2nd Regular Session, which became effective on June 26, 2008. Particularly, the General Assembly amended section 287.230 to expressly reject and abrogate *Schoemehl* and all

---

5. Section 287.230.2 provides in relevant part: "Where an employee is entitled to compensation under this chapter for an injury received and death ensues for any cause not resulting from the injury for which he was entitled to compensation, payments of the unpaid accrued compensation shall be paid, but payments of the unpaid unaccrued balance for the injury shall cease and all liability therefor shall terminate unless there are surviving dependents at the time of death."

cases citing, interpreting, applying, or following it. The amendment, however, is not retroactive and, thus, is inapplicable to this case. *See Lawson v. Ford Motor Co.,* 217 S.W.3d 345, 349 (Mo.App.2007). Nevertheless, this court recognizes that *Schoemehl* no longer reflects the state of the law, and as a result, neither *Schoemehl* nor the holding of this case shall apply to successive cases where the amended version of section 287.230 applies.

*Schoemehl v. Treasurer of the State of Missouri,* 217 S.W.3d 900 (Mo. banc 2007) represented the first Missouri case to determine survivorship rights for permanent total disability awards under section 287.230. The pertinent facts are as follows. Fred Schoemehl sustained a work related knee injury and filed a claim for compensation. *Id.* at 901. His employer paid temporary total disability benefits and medical benefits. *Id.* One month after his benefits began, Fred Schoemehl died of a cause unrelated to his work injury. *Id.* Annette Schoemehl, Fred Schoemehl's wife and sole dependent, pursued the remaining claim for permanent total disability. *Id.* After a hearing, the ALJ determined that Fred Schoemehl was permanently and totally disabled and awarded Annette Schoemehl permanent total disability benefits until the date of Fred Schoemehl's death. *Id.* However, the ALJ denied Annette Schoemehl's claim that she was entitled to those benefits for the remainder of her lifetime. *Id.* The Commission affirmed the ALJ's decision, and Annette Schoemehl appealed from the final award. *Id.*

On January 9, 2007, the Missouri Supreme Court handed down its decision in *Schoemehl.* Reading the provisions of sections 287.020, 287.200 and 287.230 together,[6] the Court ruled that "when a claimant has been awarded [permanent total disability] benefits and subsequently dies of a cause unrelated to the work injury, the claimant's dependents are entitled to receive the awarded benefits for their lifetime." *Buescher v. Mo. Highway & Transp. Comm'n,* 254 S.W.3d 105, 106 (Mo.App.2008) (citing *Schoemehl,* 217 S.W.3d at 902).

Since *Schoemehl* was decided, Missouri courts have denied survivorship benefits to dependents only on procedural grounds.[7] Specifically, where a claim for survivorship benefits was not brought prior to the Commission's final award or on appeal within thirty days after the award, the survivorship claim was ruled untimely as a procedural matter because the case was no longer "pending."[8] Under section 287.495, the final award of the Commission is conclusive and binding on the parties unless either party appeals the award to the appellate court within thirty days. Once the time for appeal has passed, the Commis-

---

6. Sections 287.020 and 287.200 provide in relevant part:

Section 287.020. Definitions—1. The word "employee" as used in this chapter shall be construed to mean every person in the service of any employer ... Any reference to any employee who has been injured shall, when the employee is dead, also include his dependents, and other persons to whom compensation may be payable.

Section 287.200. Permanent Total Disability ...—1. Compensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made.

7. *See Bennett v. Treasurer of* Missouri, 271 S.W.3d 49 (Mo.App. W.D.2008); *Buescher,* 254 S.W.3d at 108; *Cox v. Treasurer of State,* 258 S.W.3d 835, 838 (Mo.App.2008), *Winberry v. Treasurer of Mo.,* 258 S.W.3d 455 (Mo. App.2008).

8. *Id.*

sion has no authority to further delineate, expound upon, or enforce the award.[9] Essentially, the courts reasoned that the Commission lacks jurisdiction to determine permanent total disability survivorship benefits after a final award has been entered and the time for appeal has passed, and thus, the Commission cannot reconsider and modify the final award.[10]

■ In the instant case, Employer suggests that Marvin failed to raise the issue of survivorship benefits in a timely manner. However, the issue of timeliness that distinguished the preceding cases from *Schoemehl* is not present in this case. Glennda died on July 2, 2007, and Marvin provided the Commission notice of her death when he filed a motion to substitute parties on July 21, 2007. In ruling on Marvin's motion, the Commission fully recognized the applicability of section 287.230 to the instant case but, at that time, decided only the procedural matter of whether Marvin was entitled to pursue Glennda's claim. The Commission subsequently entered its final award on February 1, 2008. The issue of Marvin's survivorship benefits was squarely before the Commission while the case was pending. For reasons unknown, however, the Commission failed to make findings on Marvin's survivorship rights in the final award, despite its awareness of Glennda's death and the applicability of then section 287.230. Moreover, Marvin appealed the final award to this court on February 25, 2008, well within the thirty days specified in section 287.495.

Therefore, contrary to Employer's argument, Marvin's claim for survivorship benefits was made in a timely fashion, and no such procedural distinction between this case and *Schoemehl* exists.[11]

■ Employer sets forth an additional argument, claiming that section 287.120.3 disqualifies Marvin from receiving Glennda's benefits. Employer asserts that under the plain language of section 287.120.3, no benefits are payable to survivors if the claimant's death resulted from a self-inflicted injury. However, Employer's interpretation and application of section 287.120.3 is misplaced. Section 287.120.3 bars compensation for a work related injury or work related death if either is the result of a self-inflicted injury.[12] The legislative intent of section 287.120.3 is obvious from the statute's plain language. The fundamental tenet of statutory interpretation is to give effect to legislative intent which is reflected in the plain language of the statute. *President Casino, Inc. v. Dir. of Revenue*, 219 S.W.3d 235, 240 (Mo. banc 2007). Section 287.120.3 is in place to prevent employees or dependents from collecting compensation for work related injuries or work related deaths that are self-inflicted. Here, the question of whether Section 287.120.3 prevents Marvin from receiving compensation is dependent on whether compensation derives from Glennda's work related injuries, which were not self-inflicted, or from Glennda's self-inflicted suicide. The ALJ

9. *Falk v. Barry, Inc.*, 158 S.W.3d 327, 329 (Mo.App.2005).

10. *Buescher*, 254 S.W.3d at 108; *Cox*, 258 S.W.3d at 838; *Winberry*, 258 S.W.3d at 457.

11. The Supreme Court in *Strait v. Treasurer*, 257 S.W.3d 600 (Mo. banc 2008) said that because the client's "case was still pending on the date" of *Schoemehl*, the "commission must follow it [*Schoemehl*]."

12. Section 287.120. Liability of employer … 3. No compensation shall be allowed under this chapter for the injury or death due to the employee's intentional self-inflicted injury, but the burden of proof of intentional self-inflicted injury shall be on the employer or the person contesting the claim for allowance.

awarded compensation for Glennda's work related injuries, which were sustained as a result of driving Employer's bus, not her subsequent suicide. Clearly, Glennda's work related injuries were not self-inflicted. Thus, compensation for Glennda's work related injuries does not derive from a self-inflicted injury. Because compensation payable to Marvin derives from Glennda's work related injury, and Glennda's work related injuries were not self-inflicted, compensation payable to Marvin does not constitute compensation for a self-inflicted injury. The facts of this case are clearly outside the realm of section 287.120.3, and compensation payable to Marvin for Glennda's work related injuries is not barred as Employer suggests.

■ Employer's final argument asserts that *Schoemehl* is not dispositive due to a significant factual difference. Specifically, Glennda's death was related to her work injury while, on the contrary, Fred Schoemehl's death was unrelated to his work injury. In *Schoemehl*, the Court stated that section 287.230.2 provides survivorship rights to dependents of employees that die of a cause unrelated to the work injury. *Schoemehl*, 217 S.W.3d at 902. Both parties stipulated that Fred Schoemehl died from a cause unrelated to his work related knee injury. *Id.* at 901. In this case, by contrast, Employer contests whether Glennda's death was unrelated to her work injury. Employer attempts to link Glennda's work related injury to her death by arguing that depression was a part of Glennda's work related injury, and depression caused Glennda to commit suicide. As such, Glennda's death was related to her work related injury. Appellate review of a final award of the Labor and Industrial Relations Commission in a workers' compensation proceeding is directed to questions of law pursuant to section 287.495. Employer asks this court to reevaluate a question of fact. In the final award, the Commission set forth its findings of fact and rulings of law. Under that section, the Commission answered "[n]o" to a question asking whether the accident or occupational disease caused death. The Commission was fully aware of Glennda's suicide before answering the question. Marvin attached a copy of Glennda's death certificate to his motion to substitute parties well before the Commission issued the final award. Glennda's death certificate listed "drug overdose" as the immediate cause of death and "depression" in a separate section requesting "[o]ther significant conditions contributing to death but not resulting in the underlying cause." On the preceding evidence, the Commission determined that Glennda's work related back injury did not cause her death. Hence, *Schoemehl* is not factually distinguishable in that respect.

■ The only remaining issue relevant to Marvin's entitlement to survivorship benefits is whether he qualifies as a dependent. Section 287.230 clearly provides that the employee's right to permanent total disability benefits only survives to the employee's dependents. *Schoemehl*, 217 S.W.3d at 902. A dependent is defined in section 287.240: "[t]he word 'dependent' as used in this chapter shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his or her wages at the time of the injury." Appellate review of this case is directed to questions of law pursuant to section 287.495. At Glennda's initial hearing before the ALJ, Marvin provided undisputed testimony that he was indeed Glennda's dependent at the time of her injury. Moreover, in his motion to substitute parties filed with the Commission, Marvin specifically stated that he was Glennda's surviving spouse and sole dependent. The

Commission granted Marvin's motion without stating any limitation. In granting the motion, the Commission implicitly adopted the factual assertions set forth in Marvin's motion. As such, Marvin was Glennda's dependent at the time she incurred her work related injury.

Under *Schoemehl*, which was in effect and applicable to this case, when an employee has been awarded permanent total disability benefits and subsequently dies of a cause unrelated to the work injury, the employee's dependents are entitled to receive the awarded benefits for their lifetime. *Schoemehl*, 217 S.W.3d at 902. Consequently, because Glennda was awarded permanent total disability benefits and subsequently died of a cause unrelated to her work injury, Marvin, as Glennda's dependent, is entitled to receive the awarded permanent total disability benefits for the remainder of his lifetime.[13]

The Commission's decision is affirmed insofar as it awards Glennda Taylor permanent total disability benefits and reversed and remanded with an order to grant such benefits to Marvin Taylor for his lifetime.

## IV. Conclusion

The decision of the Labor and Industrial Relations Commission is affirmed in part and reversed in part. The case is remanded to grant permanent total disability benefits to Glennda Taylor's dependent, Marvin Taylor, in accordance with this opinion.

All concur.

13. Employer's additional argument, that *Schoemehl* is inapplicable because it "is not

retroactive," is denied outright.