

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| AMIE ELSWORTH, | ) | |
| | ) | |
| Claimant-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD37237 |
| | ) | Filed: August 20, 2024 |
| WAYNE COUNTY, MISSOURI, | ) | |
| | ) | |
| Employer-Appellant, | ) | |
| | ) | |
| and MISSOURI ASSOC. of COUNTIES, | ) | |
| | ) | |
| Insurer-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF WAYNE COUNTY

Honorable Mike Randazzo, Circuit Judge

**AFFIRMED**

Wayne County and the Missouri Association of Counties (hereinafter collectively referred to as Employer) appeal from the entry of a judgment, pursuant to § 287.500, ordering them to pay workers' compensation benefits to Amie Elsworth (Wife) until her death for injuries sustained by her husband, Dustin Elsworth (Employee).[1] Employer contends the trial court erred by entering judgment based upon the final award from the Labor and Industrial Relations Commission (Commission) because Wife's entitlement to benefits pursuant to

---

[1] All references to statutes are to RSMo (2016), unless otherwise specified.

***Schoemehl v. Treasurer of the State of Missouri***, 217 S.W.3d 900 (Mo. banc 2007), was not raised or adjudicated by the Commission. Finding no merit in that contention, we affirm.

*Factual and Procedural Background*

Employee was involved in a motor vehicle accident on March 30, 2007. He sustained a traumatic brain injury from the head-on collision and was in a "persistent vegetative state." A workers' compensation claim was timely filed.

After conducting a hearing, the administrative law judge (ALJ) issued an award on May 11, 2016. Employee's injuries were found to arise out of the scope and course of his employment. He was determined to be permanently and totally disabled and in need of future medical care. Employer was ordered to pay Employee $236.69 per week from March 31, 2007, as permanent total disability benefits. The ALJ also found that Wife was married to Employee and that she was his sole dependent. The ALJ denied Employer's request for a reduction in benefits, pursuant to § 287.120.5, due to an alleged safety violation.

On May 31, 2016, Employer filed a timely application for review with the Commission. The only issue raised in the application was the denial of Employer's request for a reduction in benefits due to an alleged safety violation. On March 8, 2017, the Commission affirmed the ALJ's award and issued a supplemental decision with more analysis of the alleged safety-violation issue.

On March 23, 2017, Employer filed a timely notice of appeal with the Commission. This notice of appeal was transmitted to this Court and assigned appeal number SD34919 (2017 appeal). Employee died on April 13, 2017, while the 2017 appeal was pending.

On May 4, 2017, Wife filed an amended claim for compensation with the Commission. In this claim, Wife asserted her own right to benefits in connection with Employee's claim pursuant to ***Schoemehl***, 217 S.W.3d 900. On June 12, 2017, the Commission advised the

2

parties that it would hold any action on the amended claim in abeyance until the 2017 appeal was finally disposed.

On August 10, 2017, this Court entered an order holding the 2017 appeal in abeyance.[2] Employer had notified us that Employee was dead, but neither party had filed a suggestion of death. We explained that "[c]ourts have jurisdiction to render judgments only for or against viable entities and a dead person is not a viable entity." *Cone v. Dep't of Soc. Servs.*, 227 S.W.3d 540, 542 (Mo. App. 2007). The parties were advised that the appeal could not proceed without a suggestion of death and a motion to substitute the deceased party.

On September 8, 2017, Wife filed with this Court a motion to substitute parties pursuant to § 287.230 RSMo (2000). On September 11, 2017, this Court issued an order referring that request to the Commission, stating that "[u]pon its ruling on the motion for substitution, the [Commission] shall promptly notify the Court whether [Wife] shall be substituted as a party in this pending matter."

On October 4, 2017, the Commission issued an order noting that Wife had filed an amended claim asserting her right to benefits pursuant to *Schoemehl*. In relevant part, the remainder of the order stated:

> In our award of March 8, 2017, we found that, at the time of [E]mployee's injury on March 30, 2007, [Wife] was married to [E]mployee. We also found that [Wife] was [E]mployee's sole dependent. Consequently, it would appear that the only remaining issues in connection with [Wife's] Motion are: (1) whether [E]mployee died on April [13], 2017; and (2) whether [Wife] remained married to [E]mployee and was [E]mployee's sole dependent and successor to his rights at the time of [E]mployee's death.

---

[2] This Court may take judicial notice of its own records in this prior appeal. *See Brown v. Brown*, 680 S.W.3d 507, 513 n.2 (Mo. App. 2023); *Moore v. Mo. Dental Bd.*, 311 S.W.3d 298, 305 (Mo. App. 2010). A suggestion of death was filed with this Court and included an attached death certificate. It stated that Employee died from natural causes due to respiratory failure.

All interested parties are hereby directed to show cause within thirty days why the Commission should not issue an order: (1) finding that [E]mployee died on April [13], 2017; (2) finding that [Wife] remained married to [E]mployee, that she was his sole dependent at the time of his death, and that she is the appropriate successor to [E]mployee's rights in this matter; and (3) substituting, pursuant to § 287.580 RSMo, [Wife] as the claimant and successor to [E]mployee's rights in this matter.

To be clear, we do not now invite argument or objection with regard to [Wife's] Amended Claim for Compensation asserting a claim for benefits pursuant to the decision in *Schoemehl*[,] 217 S.W.3d 900[,] a matter we do not deem appropriate to take up, as we have previously indicated, until the proceedings before the Court are finally disposed.

Instead, we issue this order to show cause in order to comply with the Court's Order of September 11, 2017, which referred [Wife's] Motion to us to determine the sole issue whether she should be substituted as the appropriate party in interest for purposes of the appeal now pending before the Court.

The parties are advised that if no responses are received within 30 days of this order, the Commission may issue an order entering the above-indicat[ed] findings and substitution without further notice to the parties.

On November 21, 2017, the Commission issued the following order:

On October 4, 2017, the Commission issued an order directing all interested parties to show cause within thirty days why the Commission should not issue an order: (1) finding that [E]mployee died on April [13], 2017; (2) finding that [Wife] remained married to [E]mployee, that she was his sole dependent at the time of his death, and that she is the appropriate successor to [E]mployee's rights in this matter; and (3) substituting, pursuant to § 287.580 RSMo, [Wife] as the claimant and successor to [E]mployee's rights in this matter. In the order of October 4, 2017, we notified the parties that if no responses were received within 30 days, the Commission may issue an order entering the above-indicated findings and substitution without further notice to the parties.

To date, the Commission has received no response to the order of October 4, 2017. We find that [E]mployee died on April [13], 2017, and that [Wife] remained married to [E]mployee, was his sole dependent at the time of his death, and is the appropriate successor to [E]mployee's rights in this matter.

Therefore, the Commission substituted Wife as the claimant in this matter in its November 21, 2017, order.

4

Upon receipt of that order, this Court issued its own order on November 29, 2017, stating in relevant part:

> Having fully considered the matter, the Court grants the motion to substitute and orders that [Wife] shall be substituted in the place and stead of decedent/respondent [Employee] herein. Further, the Court hereby restores this appeal to its active docket and extends the time for filing appellant's brief to December 18, 2017.

During the 2017 appeal, Employer did not challenge the substitution or any of the Commission's findings upon which it was based. We affirmed the Commission's decision on April 24, 2018, and mandate issued on May 10, 2018. In this opinion, the caption listed Wife as the claimant-respondent. *Elsworth v. Wayne Cnty.*, 547 S.W.3d 599 (Mo. App. 2018). The opinion also noted that the Commission substituted Wife as the claimant, and we substituted Wife as the respondent in the 2017 appeal. *Elsworth*, 547 S.W.3d at 600 n.2.

On June 22, 2018, Wife filed a "Memorandum to Enter Judgment Pursuant to Mo. Rev. Stat. § 287.500" in the Circuit Court of Wayne County, Missouri. In this document, Wife asked that the trial court enter judgment against Employer based on the Commission's final award, as affirmed in the 2017 appeal. In paragraph 7, Wife stated:

> On November 21, 2017 the [Commission] ruled that Claimant, Amie Elsworth, [W]ife of [Employee], who was married to [Employee] at the time of injury and during the pendency of this case, succeeded to the rights and benefits of [Employee].

In paragraph 9, Wife stated:

> Per *Schoemehl*[,] 217 S.W.3d 900[,] and *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 620 (Mo. [banc] 2012), Wayne County, Missouri, and Missouri Association of Counties have a duty to pay permanent total disability benefits to spouses of employees injured between January 9, 2007 and June 26, 2008 who have passed away.

In paragraph 11, Wife also noted Employer had made no payments since Employee died on April 13, 2017. Attached to the memorandum were: a certified copy of the ALJ's decision

5

(Exhibit 1); a certified copy of the Commission's supplemental opinion affirming the ALJ's award (Exhibit 2); a certified copy of the Commission's order of November 21, 2017, substituting Wife as the claimant in this matter (Exhibit 3); and a copy of our appellate opinion in the 2017 appeal affirming the Commission's decision.

Employer filed an amended answer, which gave the following response to the allegation in Wife's paragraph 7: "Defendants admit that the [Commission] ruled that [Wife] succeeded to the rights of [Employee], but deny that the [Commission] ruled that [Wife] succeeded to the benefits of [Employee]."

Thereafter, Wife filed a motion for summary judgment. After all responses and memoranda were submitted, the trial court granted summary judgment against Employer on Wife's action to obtain a judgment in order to enforce the final award. The court ordered Employer to pay Wife all unpaid benefits since Employee's death in April 2017 and to continue to pay Wife $236.69 in weekly benefits until her death. This appeal followed.

*Standard of Review*

"A Workers' Compensation award adjudicates the rights of the parties as effectively as a judgment of a court of law[.]" ***Brown v. Color Coating, Inc.***, 867 S.W.2d 242, 244 (Mo. App. 1993); ***Barry, Inc. v. Falk***, 217 S.W.3d 317, 320 (Mo. App. 2007). Only a court, however, can enforce an award. ***Baxi v. United Techs. Auto. Corp.***, 122 S.W.3d 92, 96 (Mo. App. 2003). Section 287.500 provides the means by which a final award becomes enforceable. ***State ex rel. Peters v. Fitzpatrick***, 681 S.W.3d 566, 575 (Mo. App. 2023). "Section 287.500 authorizes the trial court to enter a judgment on a final award as if it were an original judgment of the court." ***Baxi***, 122 S.W.3d at 96.

"Although section 287.500 authorizes a circuit court to enter a judgment on a final workers' compensation award as if it were an original judgment of the court, the statute affords

6

no discretion to the court in entering a judgment." ***State ex rel. ISP Minerals, Inc. v. Labor & Indus. Relations Comm'n***, 465 S.W.3d 471, 476-77 (Mo. banc 2015). "A section 287.500 action is purely ministerial as it does not involve the merits of the award and the court does not determine any outstanding factual issues." ***ISP Minerals***, 465 S.W.3d at 477. A circuit court, therefore, may only enter a judgment that is in accordance with the final award. ***Roller v. Steelman***, 297 S.W.3d 128, 134 (Mo. App. 2009). The obligations imposed in a workers' compensation case are established in the final award. ***Johnston v. Saladino Mech. and Cincinnati Ins. Co.***, 504 S.W.3d 138, 140 (Mo. App. 2016). The extent of the circuit court's authority to act with regard to a workers' compensation award that the court enters as its judgment pursuant to § 287.500 is a question of statutory interpretation, which we review *de novo*. ***Carter v. Treasurer of the State of Missouri as Custodian of the Second Inj. Fund***, 506 S.W.3d 368, 370 (Mo. App. 2016).

*Discussion and Decision*

Employer presents one point on appeal. It contends the circuit court erred by entering judgment because the ***Schoemehl*** issue was not raised or adjudicated before the Commission. For the following reasons, we disagree.

In January 2007, our Supreme Court decided ***Schoemehl***, 217 S.W.3d at 900. There, the employee-husband suffered a knee injury that resulted in a finding of temporary total disability. *Id*. at 901. He died from causes unrelated to his knee injury. *Id*. His dependent-wife was substituted as a party and filed an amended claim for permanent total disability benefits for the rest of her life:

> An administrative law judge (ALJ) heard the case and determined that Schoemehl was rendered permanently and totally disabled as a result of his knee injury and pre-existing disabilities. The ALJ found [the employer] liable to [the dependent-wife] for permanent total disability benefits (PTD) until the date of Schoemehl's death; a total of $1,157.01. The ALJ denied [the dependent-wife's]

7

claim for permanent total disability benefits for the remainder of her lifetime following Schoemehl's death.

*Id*. On appeal, the dependent-wife argued that she was entitled to permanent total disability benefits for her lifetime because she was considered the employee, pursuant to workers' compensation law, after her husband died. *Id*. The Supreme Court of Missouri agreed.

First, the Court noted that "[a]ppellate courts are not bound by the Commission's interpretation and application of the law, and no deference is afforded to the Commission's interpretation of the law." *Id*. Second, the Court examined the statutes relevant to this issue. Section 287.230.2 RSMo (2000) stated:

> Where an employee is entitled to compensation under this chapter for an injury received and death ensues for any cause not resulting from the injury for which he was entitled to compensation, payments of the unpaid accrued compensation shall be paid, but payments of the unpaid unaccrued balance for the injury shall cease and all liability therefore shall terminate *unless there are surviving dependents at the time of death*.

*Id*. (italics added). Section 287.200.1 RSMo (2000), which defined the duration of permanent total disability compensation, stated: "[c]ompensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made." *Id*.; *Schoemehl*, 217 S.W.3d at 901-02. Section 287.020.1 RSMo (2000) stated, in relevant part, that "[a]ny reference to any employee who has been injured shall, when the employee is dead, also include his dependents, and other persons to whom compensation may be payable." *Id*.; *Schoemehl*, 217 S.W.3d at 902. Based on these three statutes, the Court concluded that:

> Section 287.230.2 provides that when an employee is entitled to compensation and death ensues, compensation ceases when the employee dies from a cause other than his/her work injury, "unless there are surviving dependents at the time of death." There is no dispute that Schoemehl died from a cause other than the work injury and that [the dependent-wife] is his sole surviving dependent. The

statute refers generally to "compensation" and makes no distinction between PTD compensation and other benefit awards. Therefore, under section 287.230.2, Schoemehl's right to compensation for both accrued and unaccrued PTD benefits survives to [the dependent-wife] because she was Schoemehl's dependent.

*Id*. at 902.

After ***Schoemehl*** was decided, the general assembly modified the language of §§ 287.020, 287.200 and 287.230 to legislatively abrogate the holding in that case effective June 26, 2008. *See* 2008 Mo. Laws 442-447.

In ***Strait v. Treasurer of Missouri***, 257 S.W.3d 600 (Mo. banc 2008), our Supreme Court held that a dependent's right to receive ***Schoemehl*** benefits turns on whether the workers' compensation claim was pending when the employee died. *Id*. at 602. The Court held that the employee's claim was still pending when she died because:

> Section 287.495 provides in relevant part: "The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court." In this case, the state treasurer as custodian of the Second Injury Fund appealed the January 12, 2007, award on February 2, 2007, well within the 30 days specified in the statute, even though [the employee] had died on January 27. Because the award was appealed in a timely fashion, it was not "conclusive and binding." …. **Because [the employee's] case was still pending on the date the *Schoemehl* decision issued, *Schoemehl* applies to [the employee's] case, and the commission must follow it**. In so holding, this Court acts in conformity with the common-law principle allowing prospective application of a decision to all actions pending on and prospective to the date on which the opinion was issued. Based on this principle, the interpretation of the law that was made in *Schoemehl* applies to cases that were pending in the commission or pending on appeal at the time of the *Schoemehl* decision.

*Id*. at 602-03 (bold emphasis added; internal quotation marks and citations omitted).

In ***Gervich v. Condaire, Inc.***, 370 S.W.3d 617 (Mo. banc 2012), our Supreme Court answered the question of whether it made a difference if the employee died after the effective date of the June 2008 statutory changes. The Court held that the employee's date of death was not determinative of a beneficiary's right to ***Schoemehl*** benefits because:

> [The employee's] claim in this case for continuing permanent total disability benefits accrued on the date of his injury, April 6, 2006, prior to the date of the 2008 amendments to the workers' compensation statutes. His claim was filed May 15, 2006, and his claim was pending on January 9, 2007, the date of the *Schoemehl* opinion. As this Court held in *Strait*, when a claim is "still pending on the date the *Schoemehl* decision issued, *Schoemehl* applies..., and the commission must follow it." 257 S.W.3d at 602. Also as required by *Strait*, [the employee's] claim for permanent total disability benefits had not reached final disposition. A factual difference between *Strait* and this case, however, is that Ms. Strait died prior to the effective date of the 2008 amendments while Mr. Gervich died after the effective date. Contrary to the commission's reliance on this fact, however[,] Mr. Gervich's death after the legislature amended the relevant statutes in 2008 does not affect the result because the statutes in effect at the time of the injury govern the injured worker's claim.

*Gervich*, 370 S.W.3d at 622. Thus, the Court concluded that the dependent-wife was entitled to *Schoemehl* benefits. "Because [the dependent-wife's] status as a dependent was set on the date of her husband's injury, and she fits within the statutory definition of 'employee' in effect on the date of the injury, she is entitled to receive continuing permanent total disability benefits as his dependent." *Gervich*, 370 S.W.3d at 624.

Therefore, *Schoemehl* applies to claims that were pending during the so-called *Schoemehl* window, which was "between January 9, 2007, the date the Supreme Court issued the *Schoemehl* decision, and June 26, 2008, the effective date of the 2008 amendments." *Carter*, 506 S.W.3d at 371. "For *Schoemehl* to apply to claims that were pending during this window, the claims must not have reached final disposition." *Carter*, 506 S.W.3d at 371. This includes a claim that was pending before the Division of Workers' Compensation, the Commission, or an appellate court during the *Schoemehl* window. *Matthews v. Treasurer of Missouri*, 621 S.W.3d 680, 683 (Mo. App. 2021). A claim that accrued during the *Schoemehl* window must be decided using the *Schoemehl* analysis. *See Goad v. Treasurer of State*, 372 S.W.3d 1, 3-5 (Mo. App. 2011) (claim that accrued on August 13, 2007, and remained unresolved through June 26, 2008, was pending during the *Schoemehl* window and had to be

decided using that analysis). When a claim is appealed, it does not reach final disposition until mandate issues affirming the award. *Cochran v. Travelers Ins. Co.*, 284 S.W.3d 666, 672 (Mo. App. 2009).

A right to *Schoemehl* benefits, however, cannot be adjudicated until the employee has died. *See Gervich*, 370 S.W.3d at 622 n.5 (noting that, "[a]lthough section 287.240(4) provides that dependency is established at the time of the injury, the statute further provides that a dependent spouse's entitlement to benefits ceases if the spouse dies or remarries"); *White v. Univ. of Missouri, Kansas City*, 375 S.W.3d 908, 911-12 (Mo. App. 2012) (a right to *Schoemehl* benefits incorporates two contingencies: remaining married to the employee and surviving him/her).

In the case at bar, Employee was injured on March 30, 2007, and a timely claim for workers' compensation benefits was filed. By that time, *Schoemehl* had been decided and laid out the prescribed statutory analysis that had to be followed with respect to such claims. *See Goad*, 372 S.W.3d at 3-5. The Commission was required to follow *Schoemehl* in deciding a pending claim that fell within the *Schoemehl* window. *See Strait*, 257 S.W.3d at 602 (when *Schoemehl* applies to a claim, the Commission "must follow it"). The statutes discussed in *Schoemehl*, which were unchanged and still in effect at the time of Employee's injury, governed his claim. *See Gervich*, 370 S.W.3d at 622; *Schoemehl*, 217 S.W.3d at 901-02. Employee's claim was still pending when the 2008 legislative changes became effective, so those changes were inapplicable. *See Gervich*, 370 S.W.3d at 622 (employee's death after the legislature amended the relevant statutes in 2008 did not affect the result because the statutes in effect at the time of the injury govern the injured worker's claim).

The ALJ's award made findings that Wife was married to Employee and that she was his sole dependent. After the Commission issued its supplementary opinion, the Employer

11

appealed the decision. Therefore, the award did not become final or conclusive at that point. *See* § 287.495.1; *Strait*, 257 S.W.3d at 602; *Cochran*, 284 S.W.3d at 672. Employee died while the 2017 appeal was pending, over 10 years after he was initially injured. His death certificate stated that he died of natural causes due to respiratory failure. Employee's death made the issue of *Schoemehl* benefits ripe for adjudication. Wife filed an amended claim for compensation with the Commission. In this amended claim, Wife asserted her own right to benefits in connection with Employee's claim pursuant to *Schoemehl*, 217 S.W.3d 900. Wife satisfied both contingencies to receive such benefits because she survived Employee and was still married to him at the time of his death. *See Gervich*, 370 S.W.3d at 622 n.5; *Carter v. Treasurer of State - Custodian of Second Inj. Fund*, 532 S.W.3d 203, 208 n.6 (Mo. App. 2017); *White*, 375 S.W.3d at 911-12. Wife's amended claim timely raised the issue of her right to *Schoemehl* benefits, and the Commission was required to follow *Schoemehl* in deciding whether she was entitled to those benefits.

After Wife's amended claim was filed, the Commission initially indicated it would hold any action on the claim in abeyance until the 2017 appeal was finally disposed. After this Court issued an order holding the 2017 appeal in abeyance, Wife filed "Respondent's Motion for Substitution of Parties Pursuant to Mo. Rev. Stat. § 287.230[.]" This statute is one of the controlling statutes identified in *Schoemehl* that govern the disposition of Employee's claim. We referred the motion to the Commission for disposition. The Commission later issued an order in which it stated, in relevant part:

> In our award of March 8, 2017, we found that, at the time of [E]mployee's injury on March 30, 2007, [Wife] was married to [E]mployee. We also found that [Wife] was [E]mployee's sole dependent. Consequently, it would appear that the only remaining issues in connection with [Wife's] Motion are: (1) whether [E]mployee died on April [13], 2017; and (2) whether [Wife] remained married to [E]mployee and was [E]mployee's sole dependent and successor to his rights at the time of [E]mployee's death.

12

The Commission claimed it was not addressing the *Schoemehl* issue and was merely deciding the procedural issue of who succeeded to Employee's rights pursuant to § 287.580. Based on long-established case law, this was clear error.

In *Taylor v. Ballard R-II Sch. Dist.*, 274 S.W.3d 629 (Mo. App. 2009), the employee was found by an ALJ to be permanently and totally disabled due to a work-related back injury. *Id.* at 630. On the same day the award was handed down, the employee died by suicide. The employer filed a timely application for review, and the employee's dependent-husband filed a motion to substitute parties. *Id.* The dependent-husband was the employee's surviving spouse and sole dependent. *Id.* Even though the Commission was aware that § 287.230 RSMo (2000) applied to the claim, it purported to only address the procedural issue of substitution and declined to address the substantive issue of entitlement to *Schoemehl* benefits. *Taylor*, 274 S.W.3d at 631-32. The Commission granted the dependent-husband's motion to substitute, while purporting not to decide the *Schoemehl* issue. The dependent-husband appealed to clarify whether he, as the employee's surviving spouse, was entitled to the employee's permanent total disability benefits for his lifetime pursuant to *Schoemehl*. *Taylor*, 274 S.W.3d at 632.

On appeal, the western district of this Court held that the Commission erred by not addressing the substantive *Schoemehl* issue:

> [The employee] died on July 2, 2007, and [dependent-husband] provided the Commission notice of her death when he filed a motion to substitute parties on July 21, 2007. In ruling on [dependent-husband's] motion, the Commission fully recognized the applicability of section 287.230 [RSMo (2000)] to the instant case but, at that time, decided only the procedural matter of whether [dependent-husband] was entitled to pursue [the employee's] claim. The Commission subsequently entered its final award on February 1, 2008. The issue of [dependent-husband's] survivorship benefits was squarely before the Commission while the case was pending. *For reasons unknown, however, the Commission failed to make findings on [dependent-husband's] survivorship*

13

*rights in the final award, despite its awareness of* [*the employee's*] *death and the applicability of then section 287.230.* Moreover, [dependent-husband] appealed the final award to this court on February 25, 2008, well within the thirty days specified in section 287.495. Therefore, contrary to [the employer's] argument, [dependent-husband's] claim for survivorship benefits was made in a timely fashion[.]

*Taylor*, 274 S.W.3d at 634 (italics added). The western district affirmed the Commission's decision to award the employee permanent total disability benefits. *Id*. at 636. The western district reversed and remanded with directions to award **Schoemehl** benefits to the dependent-husband for his lifetime for the following reasons:

The only remaining issue relevant to [dependent-husband's] entitlement to survivorship benefits is whether he qualifies as a dependent. Section 287.230 [RSMo (2000)] clearly provides that the employee's right to permanent total disability benefits only survives to the employee's dependents. *Schoemehl*, 217 S.W.3d at 902. A dependent is defined in section 287.240: "[t]he word 'dependent' as used in this chapter shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his or her wages at the time of the injury." Appellate review of this case is directed to questions of law pursuant to section 287.495. At [the employee's] initial hearing before the ALJ, [dependent-husband] provided undisputed testimony that he was indeed [the employee's] dependent at the time of her injury. Moreover, in his motion to substitute parties filed with the Commission, [dependent-husband] specifically stated that he was [the employee's] surviving spouse and sole dependent. The Commission granted [dependent-husband's] motion without stating any limitation. In granting the motion, the Commission implicitly adopted the factual assertions set forth in [dependent-husband's] motion. As such, [dependent-husband] was [the employee's] dependent at the time she incurred her work related injury.

Under *Schoemehl*, which was in effect and applicable to this case, when an employee has been awarded permanent total disability benefits and subsequently dies of a cause unrelated to the work injury, the employee's dependents are entitled to receive the awarded benefits for their lifetime. *Schoemehl*, 217 S.W.3d at 902. Consequently, because [the employee] was awarded permanent total disability benefits and subsequently died of a cause unrelated to her work injury, [dependent-husband], as [the employee's] dependent, is entitled to receive the awarded permanent total disability benefits for the remainder of his lifetime.

14

*Taylor*, 274 S.W.3d at 635-36. Thus, there was no need to remand the case to the Commission to address the *Schoemehl* issue because the facts supporting the substitution showed dependent-husband was entitled to such benefits.

We reach the same conclusion here. Wife's amended claim explicitly asserted that she was entitled to *Schoemehl* benefits. Her motion to substitute parties filed in this Court relied on § 287.230. We remanded the motion to the Commission for disposition. Thus, the Commission was aware that Wife was relying on the *Schoemehl* decision and § 287.230 RSMo (2000). While it was error for the Commission to purport not to address the issue, the error was harmless. This Court is not bound by the Commission's interpretation and application of the law, and no deference is afforded that decision. *See Schoemehl*, 217 S.W.3d at 901; *Taylor*, 274 S.W.3d at 632. What this Court examines are the factual findings relevant to the issue of *Schoemehl* benefits, and what outcome is required based on those findings and the applicable law. *See Taylor*, 274 S.W3d at 635-36.

In affirming the ALJ's award, the Commission had already decided that Wife was married to Employee and was his sole dependent. In the Commission's order of November 21, 2017, it found that "[E]mployee died on April [13], 2017, and that [Wife] remained married to [E]mployee, was his sole dependent at the time of his death, and is the appropriate successor to [E]mployee's rights in this matter." Those are all the factual findings required to support an award of lifetime permanent total disability benefits to Wife pursuant to *Schoemehl*. On appellate review, this Court ignores the Commission's stated legal reason for the substitution, and instead reviews the legal effect of the Commission's factual findings, which Employer did not challenge. After making those findings, the Commission substituted Wife as the claimant-employee, and this Court affirmed the Commission's decision in Wife's name as the claimant-employee. The award in favor of Wife became final only when our mandate issued on May 10,

15

2018. *See Cochran*, 284 S.W.3d at 672. Therefore, wittingly or not, the Commission decided all of the factual issues required to decide the *Schoemehl* issue, and all of those findings were affirmed by this Court in the 2017 appeal. Once our mandate issued, Wife, as the claimant-employee, was entitled to lifetime permanent total disability benefits in the weekly amount of $236.69 pursuant to the Commission's final award. *See Taylor*, 274 S.W3d at 635-36. No further findings or proceeding before the Commission were needed to establish Wife's right to recover *Schoemehl* benefits. In sum, Employer's argument that the *Schoemehl* issue was not raised or adjudicated by the Commission has no merit. As explained above, Wife's right to collect *Schoemehl* benefits already had been affirmatively resolved during the 2017 appeal.

When Wife filed her "Memorandum to Enter Judgment Pursuant to Mo. Rev. Stat. § 287.500[,]" she had established her right, as the claimant-employee, to lifetime permanent total disability benefits in the weekly amount of $236.69 because the Commission's award had been modified as a matter of law during the 2017 appeal. Accordingly, the circuit court correctly entered a judgment as a ministerial matter in Wife's favor pursuant to § 287.500. The judgment properly ordered Employer to pay all unpaid weekly benefits since April 2017 and future weekly benefits of $236.69 to Wife until her death. Employer's point has no merit and is denied.

The judgment of the circuit court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

JACK A. L. GOODMAN, C.J. – CONCUR